IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NICHOLAS OUTTEN,                )
                               )
            Plaintiff,          )
                               )
      v.                        ) Civ. Action No. 07-635-GMS
                               )
STATE OF DELAWARE/HOWARD R.     )
YOUNG CORRECTIONAL             )
 INSTITUTION,                   )
                               )
            Defendants.         )

## MEMORANDUM

The plaintiff, Nicholas Outten ("Outten"), an inmate at the Howard R. Young

Correctional Institution ("HRYCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(D.I. 5.) Outten alleges that inhumane living conditions existed at the HRYCI for nine days in

July 2007. He alleges the air/ventilation/exhaust was turned completely off during the night,

there was no water for a twenty-four hour period, and the floors and walls were dripping with

dew. The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915

and § 1915A.

## I. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the

standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v.

Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)

(citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson

v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406

(2002). Additionally, a complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127

S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does

not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.*

(citations omitted).

Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations

omitted).

## II. ANALYSIS

### A. Eleventh Amendment Immunity

The two named defendants are immune from suit.  The Eleventh Amendment is a

"jurisdictional bar which deprives federal courts of subject matter jurisdiction."  *Blanciak v.*

*Allegheny Ludlum Corp.,* 77 F.3d 690, 694 (3d Cir. 1996) (citing *Pennhurst State School &*

*Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)).  The Eleventh Amendment proscribes any suit

against a state, or against a state agency or department or state official where "the state is the real,

substantial party in interest," unless the state consents to suit.  *Pennhurst State School & Hosp. v.*

*Halderman*, 465 U.S. 89, 100-101 (1984); *see MCI Telecom. Corp v. Bell Atl. of Penn.*, 271 F.3d

491 (3d Cir. 2001) (states are generally immune from private suits in federal court).

The HRYCI falls under the umbrella of the Delaware Department of Correction, an

agency of the State of Delaware.  Moreover, state correctional institutions are arms of the state

and not persons subject to liability under § 1983.  *See Green v. Howard R. Young Corr. Inst.*, 229

F.R.D. 99, 102 (D. Del. 2005).

Neither the State of Delaware nor the HYRCI have waived their Eleventh Amendment

immunity, and therefore, they are  immune from suit.  Accordingly, the court will dismiss the

claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Conditions of Confinement

A condition of confinement violates the Eighth Amendment only if it is so reprehensible

as to be deemed inhumane under contemporary standards or such that it deprives an inmate of

minimal civilized measure of the necessities of life.  *See Hudson v. McMillian*, 503 U.S. 1, 8

(1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  When an Eighth Amendment claim is

-3-

brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Here, Outten makes complaints regarding prison conditions that occurred during a nine day period. He alleges that during this time, the floors and walls were dripping with drew. He alleges that the ventilation/air conditioning was turned off between 11:00 p.m. and 6:00 a.m. and on one day turned off completely. Finally, he alleges that there was no water for 24 hours.

The duration of the alleged violation is a particularly important factor to be considered in a conditions of confinement case. A filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months," *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978), but *de minimis* deprivations generally will not rise to violations of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (excessive force claim); *Roach v. Kligman*, 412 F. Supp. 521, 527 (E.D. Pa. 1976) (confinement in "cold and leaky" cell for short period of time does not violate Eighth Amendment); *Morrison v. Clark*, No. 84-4688 (E.D. Pa. Feb. 27, 1985) (confinement in unclean, insect infested cell for two days does not violate eighth amendment); *Coopers v. Owens*, No. 84-1608 (E.D. Pa. Feb. 7, 1985) (sleeping on bare floor of hallway for two days and short confinement in cell with broken windows do not violate eighth amendment).

Outten's complaints occurred during a very short period of time and, with the exception

-4-

of the damp floor and wall complaint, were not continuous. His allegations do not rise to the level of an Eighth Amendment violation. Therefore, the court will dismiss the claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as they lack an arguable basis in law or in fact.

## III. CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted as the State of Delaware and the HRYCI are immune from suit. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____ 17 ____, 2007
Wilmington, Delaware

FILED

DEC 17 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NICHOLAS OUTTEN,                          )
                                          )
             Plaintiff,                    )
                                          )
      v.                                   ) Civ. Action No. 07-635-GMS
                                          )
STATE OF DELAWARE/HOWARD R.               )
YOUNG CORRECTIONAL                         )
INSTITUTION,                               )
                                          )
             Defendants.                   )

**ORDER**

At Wilmington this 17th day of Dec. , 2007, for the reasons set forth in the

Memorandum issued this date, the complaint is DISMISSED pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the complaint would be futile.

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

DEC 17

U.S. DISTRICT COURT
DISTRICT OF DELAWARE